Apperson *v.* Pattison.

E. M. APPERSON, Executor, *v.* E. C. PATTISON.

1. LIMITATIONS. *Evidence. Request for delay.* Whether or not a conversation between a creditor and an administrator amounted to " a request for delay," so as to prevent the running of the statute of limitations, is a mixed question of law and fact to be determined by the jury under a proper charge; if the evidence tend to establish such a request, it must be given to the jury, who are to determine its sufficiency.

2. EVIDENCE. *Insolvency.* Evidence showing the amount involved in a suit and the interest of the decedent in it, is inadmissible in a suit between his administrator and one who acted as his body-guard but rendered no other assistance, while decedent was engaged in preparing and securing evidence for such suit.

3. SAME. *Limitations. Onus probandi to remove bar.* The burden of proof of facts necessary to remove the bar of the statute of limitations, which *prima facie* exists, is on the plaintiff.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.   J. O. PIERCE, J.

MYERS & SNEED and TAYLOR & CARROLL for Apperson.

GANTT & McDOWELL, M. D. L. STEWART and GREER & ADAMS for Pattison.

COOKE, Sp. J., delivered the opinion of the court.

Pattison sued the plaintiff in error as executor of Wade H. Bolton, deceased, for $20,000, alleged to be due him for work and labor done and services ren-

dered, and for money advanced and expended for his testator in his lifetime. The services were claimed to have been rendered to Bolton during the years 1867 and 1868, by going with him and attending him and aiding and assisting him in the preparation of an important suit, which he had pending in the chancery court with one Dickens, in which there was a great deal of hostility between the parties, so much so that Bolton considered his life in danger, and seems to have had Pattison to attend him as a sort of body-guard.

The plaintiff below had a verdict and judgment for $1,000, and a new trial having been refused, the defendant appealed.

Among other defenses relied upon was the statute of limitations of two years and six months, to which there was a replication that suit was delayed at the special instance and request of the defendant below, until the termination of said suit above referred to in the chancery court, which was still pending, and that after the expiration of two years and six mohths, by mutual consent and agreement of the parties; said request and agreement for delay was so modified that suit was to be instituted by the plaintiff but not pressed for trial until after the determination of said suit in chancery.

On the trial one Amelia Hodges testified "that Apperson told Pattison that he could not pay the money unless he sued for it, that it was not in the will and he could not pay it unless he sued. He told Mr. Pattison to wait awhile or until the big suit was de-

cided. He was afraid it might make against that some way, I did not understand exactly how."

This testimony was objected to as being incompetent and irrelevant. The objection was overruled by the court and the testimony admitted, and this is assigned as error.

The ruling of his Honor, upon this exception was correct. The testimony was both competent and relevant. The question as to its sufficiency was a matter for the jury, under proper instructions by the court. This is more clearly shown to be so by a subsequent statement of the witness in her testimony, that they had reference to the suit between Dickens and Bolton, and that Pattison did agree to wait. There are similar exceptions taken to the testimony of other witnesses in reference to the same matter, and which were properly overruled.

Upon the trial the plaintiff offered in evidence the last will and testament of defendant's testator, Wade H. Bolton, which was objected to by the defendant, and the objection overruled by the court, and said will permitted to be read to the jury as evidence. It was not stated on the trial for what purpose this document was offered, but it is now insisted that it was competent, as tending to show that the defendant's testator, Bolton, had the litigation greatly at heart, in which it was alleged he had employed the plaintiff to attend him in its preparation for trial. It is very clear, however, that it was not competent for this or any other purpose, as it contained no reference either to the plaintiff or the subject of his demand in any

way.   On the other hand it did contain large bequests to other parties on condition that they remained faithful to him, and aided him all they could in said litigation with Dickens.   And we can readily see how these bequests may have had an improper influence upon the jury, as the plaintiff was setting up a very large demand for alleged services connected with the same litigation.

Again, the plaintiff offered in evidence the answer of said testator, Bolton, to the bill filed in said Bolton and Dickens litigation, which seems to have been for the purpose of settling up the business of a partnership, with which the plaintiff or his demand was in no way connected.

This was objected to and the objection overruled by the court.   It was a very lengthy document, containing about seventy-five pages.   No specific purpose was specified for which said answer was offered, but it was permitted to be read to the jury as evidence in the cause.   It is now insisted that it was competent to show the fact that large amounts were involved in said litigation.   In the first place, we are unable to see how the amount involved in that suit could affect the value of the services claimed to have been rendered said Bolton by the plaintiff in this suit, as he was not a lawyer or employed, if at all, on account of any knowledge or skill he possessed in regard to the conduct or management of litigation, but merely as it seems for the protection of the testator, Bolton, from apprehended personal violence by Dickens and *his* henchmen.   The contents of said answer were wholly

irrelevant and immaterial to the matters in issue in this cause, and besides, if that were not so, it was obnoxious to the objection that it was only a part of the record in that case, and could not be introduced without the entire record unless by consent. It contained a great many statements and allegations about various things, and although wholly unimportant to the matters involved in this cause, as it was permitted to go to the jury as evidence without any specific directions, we are unable to tell what conclusions they drew from it, or what effect it had upon their deliberations.

The admission over the objection of the defendant of each of these papers was erroneous, and may have, and most likely did affect the defendant injuriously.

The defendant requested his Honor to instruct the jury in regard to the statute of limitations, that the burden of proof of facts necessary to remove the bar of the statute, which *prima facie* existed, was upon the plaintiff; which the court declined to do. This was error, as the charge was proper, and was not contained, nor any equivalent to it, in the general charge: *Cook* v. *Cook*, 10 Heis., 464.

For the errors above indicated the judgment must be reversed and a new trial granted.